**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**EDMUND THOMAS KULESZA,**

    **Plaintiff,**

v.                                                                                                             **No. 13-cv-0710 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of**
**Social Security Administration,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 22] ("Motion"), filed on April 10, 2014. The Commissioner responded on June 3, 2014. [Doc. 24]. Plaintiff replied on July 3, 2014. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards when she did not adequately develop the record concerning Plaintiff's seizure disorder. Because this error may necessarily affect the residual functional capacity ("RFC") assessment and thus, Plaintiff's other alleged errors, the Court declines to address those errors at this time. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Id.*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on August 17, 2009. Tr. 152–158. Plaintiff alleged a disability-onset date of April 22, 2009. *Id*. His claims were denied initially and on reconsideration. Tr. 71–74. Plaintiff requested a hearing before an ALJ. Tr. 90. ALJ Ann Farris held a hearing on March 7, 2012, in Albuquerque, New Mexico. *Id*. Plaintiff appeared in person and was represented by counsel, Michael D. Armstrong, Esq. *Id*. The ALJ took testimony from Plaintiff; Plaintiff's Mother, Donna C. Grey-Hough; and an impartial vocational expert Judith Beard, who appeared in person. Tr. 33–69.

At the hearing, the ALJ queried Plaintiff's counsel about Dr. Jain's records.[3] Tr. 65. Plaintiff's counsel informed the ALJ that he was having difficulty obtaining records from Dr. Jain. *Id*. The ALJ stated that "in this case . . . I think it would be important for us to have those records." *Id*. Plaintiff's counsel requested and the ALJ agreed to keep the record open for a week to allow additional time for receipt of Dr. Jain's records. *Id*. On March 29, 2012, Plaintiff's counsel requested that the ALJ issue a subpoena to Dr. Jain for Plaintiff's records.[4] Tr. 16. On April 13, 2012, Plaintiff's counsel made a second request to the ALJ to subpoena the records. Tr. 15.

The ALJ issued her unfavorable decision on April 27, 2012. Tr. 20–28. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 22. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months,

---

[3] Dr. Jain is Plaintiff's treating neurologist. Tr. 38.
[4] Mr. Armstrong's correspondence specifically stated that he was still unable to get the medial records, and that he needed the ALJ to issue a subpoena because the records "are crucial to present as evidence in [Plaintiff's] case." Tr. 16.

the ALJ proceeded to step two. *Id*. At step two, she found that Plaintiff suffered from the following severe impairment: seizure disorder. *Id*. The ALJ also considered Plaintiff's claim of depression, but relied on Dr. Crouse's vague opinion that getting work "may well take care of some of the depression." Tr. 23.[5] At step three, the ALJ found that Plaintiff's impairment did not meet or medically equal a Listing. Tr. 23–24.

Because the Plaintiff's impairment did not meet a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 24–27. The ALJ found that Plaintiff has the RFC "to perform a limited range of medium work as defined in 20 [C.F.R. §§] 404.1567(c) and 416.967(c) . . . requiring no balancing; avoiding hazards and performing simple repetitive tasks with no production or pace." Tr. 24. At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work." Tr. 27. At step five, the ALJ applied the Medical-Vocational Rules ("Grid Rules"),[6] which—based on Plaintiff's RFC, age, education, and work experience—directed a finding of not disabled. Tr. 27. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims. Tr. 28. The Appeals Council denied Plaintiff's request for review on May 31, 2013. Tr. 1–6. Plaintiff timely filed the instant action on August 1, 2013.

## Analysis

Plaintiff challenges the ALJ's determination that he is not disabled. Plaintiff makes three arguments: (1) that the ALJ failed to fully and fairly develop the record; (2) that the ALJ improperly determined that Plaintiff's impairment did not meet Listing 11.02; and (3) that the

---

[5] The ALJ is correct that there were no records of treatment submitted as evidence of Plaintiff's claimed depression. The Court notes that the ALJ did consider the four broad functional areas set out in the disability regulations for evaluating mental disorders, however this is not relevant to the Court's determination to remand.
[6] *See* 20 C.F.R. § 404, subpt. P, app. 2.

ALJ improperly rejected evidence from Plaintiff's mother and his former co-worker, Allen Fisher. [Doc. 23]. As stated above, the Court only considers whether the ALJ failed to fully and fairly develop the record. The Commissioner responds that the ALJ's decision was supported by substantial evidence. [Doc. 24] at 3. Specifically, she asserts that the ALJ fully and fairly developed the record because she received Dr. Jain's records after the hearing. *Id*. at 4. She contends that the record dated September 8, 2008, while illegible, "clearly indicated that Plaintiff was 'not incapacitated' at that time" even though this record was prior to the Plaintiff's onset date. *Id*. She further contends that the record dated February 23, 2011, "was not supported with test results or detailed information concerning the success in controlling the seizures with medication" or any reference to Plaintiff's compliance with treatment. *Id*. at 5.

The Commissioner asserts that there was no duty to further develop the record. She contends that where "the evidence is consistent and sufficient to decide whether the claimant is disabled, the Agency will make its determination based on that evidence." [Doc. 24] at 5. She also contends that only where the evidence is insufficient does the ALJ need to "recontact a treating physician or pursue other courses of action." *Id*. (*citing* 20 C.F.R. §§ 404.1520b(c), 416.920b(c).) Finally, the Commissioner argues that only "inadequacy of the treating doctor's opinion . . . triggers the duty to recontact." *Id.* at 6 (*citing White v. Barnhard*, 287 F.3d 903, 908 (10th Cir. 2002)[7]).

There are insufficient records from the treating physician, in light of the ALJ's statement that Dr. Jain's first record is mostly illegible but for the two words "not incapacitated." Tr. 25.

---

[7] In *White*, the court discussed the ALJ's review of plaintiff's treating physician's records, containing test results and assessments of functional capacity wherein discrepancies were noted, thus, causing the ALJ to discount the doctor's opinion. The records revealed that the treating physician's examinations were limited, did not support the restrictive functional capacity restrictions, and were inconsistent with consulting physicians' opinions.

6

The ALJ discounts Dr. Jain's second record, stating that "there are not accompanying diagnostic test results nor detailed information whether seizures are due to factors beyond claimant's control or noncompliance with the prescribed therapy." Tr. 25. The ALJ relied on the consultative evaluation by Dr. Crouse, the state agency medical assessment by Dr. Werner, and the state agency analysis by Dr. Montoya, in concluding that objective medical evidence did not support Plaintiff's claimed disability from seizure disorder. Tr. 24–25.

In social security cases, the claimant bears the burden of proving disability. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir 2008). However, administrative social security hearings are non-adversarial. *Id*. Thus, the ALJ is responsible for developing an adequate record "consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993); 42 U.S.C. § 423(d)(5)(B). The duty exists regardless of the presence of counsel. *Id*.

Here the parties disagree on whether the ALJ's duty to further investigate was triggered. The Tenth Circuit has found that a duty exists to obtain medical records from plaintiff's treating physician. 20 C.F.R. § 404.944; *see also*, *Baker v. Bowen*, 886 F.2d 289, 292 (10th Cir. 1989) (finding that the ALJ failed the duty to develop the record in, among other things, neglecting to subpoena potentially probative treating physician records that the plaintiff was unable to obtain on her own). The duty can be triggered when the existence of the medical records comes to the ALJ's attention during the hearing. *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)). Substantial weight is generally given to the evidence and opinion of the treating physician; consequently, the treating physician's records are reasonably probative. The Court considers

Social Security Ruling ("SSR") 87-6 instructive in describing medical evidence that is "essential to a sound determination" of disability due to epilepsy:

> 1. An ongoing relationship with a treatment source is necessary . . .
>
> 2. There must be a satisfactory description by the treating physician of the treatment regimen and response, in addition to corroboration of the nature and frequency of seizures, to permit an informed judgment on impairment severity.  (A purchased examination cannot provide authoritative description of these findings.)
>
> 3. In every instance, the record of anticonvulsant blood levels is required before a claim can be allowed.

SSR 87-6.

Plaintiff's testimony confirms that he has an "ongoing relationship" with Dr. Jain.  In fact, Plaintiff testified that he started seeing Dr. Jain in 2009, when Plaintiff was working at 1-800-Flowers.  Tr. 56.  Plaintiff further testified that he was being seen by Dr. Jain every three months, and sometimes more frequently: every month to six weeks.  Tr. 56.  The hearing transcript demonstrates that the ALJ was aware of the need for the treating physician records. Tr. 65–66.  Then, when Plaintiff's counsel sent correspondence seeking the issuance of a subpoena, the ALJ was again reminded that there were additional records that were pertinent to Plaintiff's treatment.  Tr. 16.

The ALJ admittedly reviewed Dr. Jain's Assessment of Seizure Disorder ("Assessment") dated February 11, 2011, which indicates that Plaintiff's seizures occur more than once a month, despite three months of medication, and further indicates that certain tests have been performed. Tr. 223–224.  The ALJ stated that the Assessment was deficient in that it did not provide "information relating to therapeutic levels of anticonvulsant medications nor did [Dr. Jain]

provide reason for frequency of episodes." Tr. 25. But, the ALJ failed to attempt to obtain the records that she expressly found were needed and that she knew existed. The ALJ relied on reports from two Agency doctors, and the "hired" medical consultant, Dr. Crouse, none of whom were a treating source. Although Dr. Crouse was hired to perform an evaluation, SSR 87-6 specifically states that "a purchased examination cannot provide authoritative description of [the treatment regimen and response, in addition to corroboration of the nature and frequency of seizures]." Finally, the ALJ did not order any blood testing to ascertain anticonvulsant blood levels as contemplated by SSR 87-6.[8]

A review of the record demonstrates that the ALJ did not have substantial evidence to make a "sound determination" and should have further developed the record by issuing a subpoena for Plaintiff's treating physician's records. The ALJ, therefore, erred in failing to develop the record regarding Plaintiff's seizure disorder prior to his date last insured.

## Conclusion

The ALJ failed to apply the correct legal standards when she did not develop the record regarding Plaintiff's seizure disorder. Accordingly, the Commissioner's final decision should be reversed and the case remanded. On remand, issuing a subpoena for the treating physician records may be of assistance to the Commissioner.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 23] is

---

[8] There was one blood test record from Gerald Champion Regional Medical Center, under the heading "Special Chemistry" dated March 4, 2011, containing evidence of the anticonvulsant blood levels which contradicts a potential finding of non-compliance with drug therapy. Tr. 289

**GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

    **IT IS SO ORDERED.**

                                                                                     _____
                                                                                     **STEPHAN M. VIDMAR**
                                                                                     **United States Magistrate Judge**
                                                                                     **Presiding by Consent**